JOHN SUTHERLAND *v.* FLAVIUS J. B. CRANE.

*Parole evidence cannot be received to add to, or vary the terms of a written instrument. It may be introduced for the purpose of showing fraud, or a mistake in drawing the instrument, when the fraud or mistake is set forth in the bill, and the relief asked is based upon it; but not otherwise.*

MOTION to dissolve injunction.

The bill in this case was filed to restrain proceedings at law on a promissory note, executed by Solomon Sutherland, Thomas M. Sutherland, and complainant. It alleged that defendant, having attached certain real estate of Solomon Sutherland for a debt, agreed at the time of executing the note, which was given in settlement of the attachment suit, that, if Thomas and complainant would sign it with Solomon, the attachment suit should be discontinued; and defendant would receive state scrip, or state warrants, in payment of the note. That Solomon afterwards offered to pay the note in state warrants, which defendant refused to receive; and, in a day or two thereafter, sued complainant on the note. That the attachment suit had not been discontinued, and complainant was ready and willing to pay the note in state warrants. An injunction having been granted, a motion was made to dissolve it.

*N. R. Ramsdell,* in support of the motion.

*O. Hawkins,* contra.

THE CHANCELLOR. Parole evidence cannot be received to add to, or vary the terms of a written instrument. It may be introduced for the purpose of showing fraud, or a mistake in drawing the instrument, when the fraud or

Sutherland *v.* Crane.

mistake is set forth in the bill, and the relief asked is based upon it; but not otherwise. *Wesley* v. *Thomas*, 6 *Harr. & John. R.* 24. The bill does not charge the note, on which complainant has been sued, is not what it was understood and intended to be when it was executed. There is no allegation it was to have been drawn payable in state scrip, or state warrants, and that these words were left out by mistake, or were omitted in consequence of any fraudulent representation of defendant.

As to the attachment suit, the Court in which it is pending has ample power to protect the rights of the parties, and order a discontinuance on payment of the note.

Injunction dissolved, with $5 costs to defendant.